UNITED STATES DISRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM CORDELL HUDDLESTON<br><br>*Plaintiff*<br><br>vs.<br><br>CORPORAL SHANNON CONSTANTINE, SGT. MATT CLOUD, MAJOR MARK BADEN, SGT. BILLY FULLER, ALEXANDRIA POLICE DEPARTMENT, POLICE CHIEF RONNEY L. HOWARD, SHERIFF MARK WOOD, RAPIDES PARISH SHERIFF'S OFFICE, CITY OF ALEXANDRIA, RAPIDES PARISH POLICE JURY<br><br>*Defendants* | CIVIL ACTION NO.:<br><br>CHIEF JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiff, **WILLIAM CORDELL HUDDLESTON**, a citizen of the United States of America and a resident of the City of Pineville, Parish of Rapides, all within the State of Louisiana, who sets forth his claims for damages under both federal and state law, as follows:

**I. DEFENDANTS IDENTIFIED**

The following Defendants are now, and at all times material to this action were, duly appointed, employed, and acting police officers of the City of Alexandria or deputy sheriffs of the Rapides Parish Sheriff's Office, both municipal corporations and governmental subdivisions of the State of Louisiana. Additionally, the named municipality and governmental authority Defendants and their representatives are further identified below:

    **A.** **(CORPORAL) SHANNON CONSTANTINE**, who, upon information and belief, is employed with the Louisiana State Police (although she was employed with the Alexandria Police Department as a Corporal Officer on the date and at the time of the incident herein) and may be personally served at her place of employment, Louisiana State Police, Troop E, 1710 Odom Street Alexandria, LA 71301, or at her place of residence if known.

    **B.** **SERGEANT MATT CLOUD**, who, upon information and belief, is employed with the Rapides Parish Sheriff's Office, and may be personally served at his

place of employment, Rapides Parish Sheriff's Office, 701 Murray St., Suite 300, Alexandria, LA 71301, or at his place of residence if known.

  C. **MAJOR MARK BADEN**, who, upon information and belief, is employed with the Rapides Parish Sheriff's Office, and may be personally served at his place of employment, Rapides Parish Sheriff's Office, 701 Murray St., Suite 300, Alexandria, LA 71301, or at his place of residence if known.

  D. **SERGEANT BILLY FULLER**, who, upon information and belief, is employed with the Rapides Parish Sheriff's Office, and may be personally served at his place of employment, Rapides Parish Sheriff's Office, 701 Murray St., Suite 300, Alexandria, LA 71301, or at his place of residence if known.

  E. **POLICE CHIEF RONNEY L. HOWARD**, individually, and on behalf of the Defendant, **ALEXANDRIA POLICE DEPARTMENT**, who may be served at the Department's principal place of business, Alexandria Police Department, 1000 Bolton Avenue, Alexandria, LA 71301.

  F. **SHERIFF MARK WOOD,** individually, and on behalf of the Defendant, **RAPIDES PARISH SHERIFF'S OFFICE**, who may be served at the Office's principal place of business, Rapides Parish Sheriff's Office, 700 Murray St., Alexandria, LA 71301.

  G. **CITY OF ALEXANDRIA,** which may be served through the office of **MAYOR JEFFREY W. WALL**.

  H. **RAPIDES PARISH POLICE JURY,** which may be served through the Parish Secretary, Rapides Parish Court House, 701 Murray Street, Suite 201, Alexandria, LA 71301.

**II.** **JURISDICTION OF THE COURT**

This action arises under the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America (U.S. Const. Amends. IV, VI, and XIV), the Civil Rights Act, Title 42 of the United States Code Annotated, Section 1983 (42 U.S.C.A. § 1983), *and* those provisions of Louisiana law detailed herein, as well as any other state statutes shown to be violated by the several Defendants. Accordingly, the court has jurisdiction by virtue of Title 28 of the United States Code Annotated, Section 1343 (28 U.S.C.A. § 1343).

### III. BACKGROUND FACTS

**III – 1.**

On July 14, 2021, at or around 12:19 p.m., the Plaintiff was lawfully operating his 2007 Honda Ridgeline Truck in Alexandria, Louisiana, all within the Parish of Rapides, while parked at 5448 Provine Place, Alexandria, Louisiana 71303. At this time, the Plaintiff had just ended an early lunch and stopped by his son's office to have some paperwork signed. As he'd arrived early, he was peacefully sitting in his vehicle waiting in the parking lot near the front entrance to the office.

**III – 2.**

At this time and place, and upon information and belief, Defendants Constantine, Cloud, Fuller, and Baden were then, as part of their regular and official employment as police officers of the Alexandria Police Department and/or deputy sheriffs of the Rapides Parish Sheriff's Office, operating a marked APD police vehicle owned and maintained by the city for the use and benefit of its police department and marked RPSO deputy vehicles owned and maintained by the Parish for the use and benefit of its sheriff's department.

**III – 3.**

At this time and place, and without any warning or probable cause to do so, Defendants Constantine, Cloud, Fuller, and Baden pulled their vehicles up and stopped them behind Plaintiff's lawfully parked vehicle. At no time did the Defendants check the license plate of the vehicle that was in clear, unobstructed, plain site to confirm that it was not the vehicle they were alleged to be looking for.

**III – 4.**

Thereafter, Defendants Constantine, Cloud, Fuller, and Baden signaled Plaintiff to exit his vehicle, which plaintiff did, all in response to the evident authority of Defendants who, at all times mentioned, were wearing official uniforms, insignia, and badges of the both the Alexandria Police Department and the Rapides Parish Sheriff's Office. While there were no private citizen bystanders present at the scene, there were apparently numerous other Rapides Parish Sheriff's Department Deputies present as well.

**III – 5.**

Constantine was the first to leave her marked police vehicle and approach the Plaintiff's vehicle, all while he was being directed to exit the vehicle. At no time did she or anyone else

present ask the Plaintiff to identify himself, explain why he was there, or explain why they were requesting that he exit the vehicle, instead only asking him to place his hands in the air and continue walking towards them – again, to which he complied, albeit confused and concerned about what was going on.

### III – 6.

As the Plaintiff exited the vehicle, it was never more apparent that he was an 80-year-old male wearing a purple and gold polo shirt and khaki pants, which did not fit the description of the suspects they were looking for on this afternoon. At that time, Constantine retreated back to her vehicle and several of the Defendant deputy sheriffs began circling behind her patrol car. As the Plaintiff approached, still confused as to what was going on, he was asked if he had any weapons, to which he replied he did not.

### III – 7.

At this time, and without any warning or probable cause to do so, Defendants Constantine, Cloud, Fuller, and Baden flanked the patrol car, with Constantine's gun drawn and the other deputies' hands on their pistols, immediately grabbing the arms of the Plaintiff in an effort to unlawfully detain a shocked and confused elderly citizen. They struggled briefly to get the double set of handcuffs that were prepared by Constantine on the Plaintiff's hands.

### III – 8.

Despite there being three adult officers prepared to place the Plaintiff in handcuffs, knowing that he was unarmed and not a flight risk, Constantine nonetheless placed him under arrest and began reading him his *Miranda* rights. There was an initial, visible reaction by Mr. Huddleston, as he was asked to approach the officers, thinking he was approaching them to discuss the reason for his apparent detention. Despite having no probable cause to do so, each of the Defendants engaged in a concerted effort to unlawfully detain and arrest the Plaintiff without any probable cause to do so. The unlawful seizure that followed was conducted in a violent and abusive manner, during which the Defendants physically pulled, shoved, and cuffed the Plaintiff, all resulting in broken bones in his shoulder and a torn rotator cuff.

### III – 9.

After unlawfully detaining him, placing him under arrest, and restraining him with handcuffs, the Defendants still made no effort to determine whether or not Plaintiff was armed or posed a threat to the Defendants – which he was not and did not at any time.

### III – 10.

After unlawfully detaining the Plaintiff, Constantine then walked to the Plaintiff's vehicle and unlawfully began her illegal search of the Plaintiff's vehicle, which one of other officers, whose identity is unclear, was already affecting the unlawful search.

### III – 11.

At all times relevant hereto, the Defendants unlawfully imprisoned and detained the Plaintiff, all without warrant or probable cause. Constantine pulled her unit behind the Plaintiff's vehicle to prevent him from moving or backing away, followed by Cloud, Baden, and Fuller, blocking any exit from the parking lot. Accordingly, at no point prior to his unlawful arrest was Constantine unable to safely determine the license plate number and registration of the vehicle, the name of the vehicle's owner, or the name of the Plaintiff sitting calmly in his truck. Furthermore, all of the information she had in front of her was different from all of the information the Defendants had regarding the suspects in the unrelated incident that they were allegedly investigating.

### III – 12.

After several humiliating and painful minutes being handcuffed in the front of his son's business, only then did the Defendants determine that the Plaintiff's license plate confirmed that the vehicle was not the one they were looking for.

### III – 13.

Upon information and belief, the Defendants allege that the Plaintiff's vehicle matched the description of a vehicle that had been stolen earlier that morning. However, it is now known that the Alexandria Police Department and Constantine knew, or should have known, that the license plate on Plaintiff's vehicle was properly registered to the Plaintiff; that Plaintiff's vehicle had not been reported stolen; and that Plaintiff's vehicle did not have a license plate number matching the description of the vehicle that had been allegedly stolen early that day. Furthermore, upon information and belief, the description of the assailants in the earlier, unrelated crime involved two younger men that did not meet the description of the 80-year-old father of ten who stepped out of the vehicle in front of his son's office at noon on that day.

### III - 14.

Constantine and Cloud failed to take the time to determine whether the vehicle in which the Plaintiff was sitting belonged to anyone other than the victim of the unrelated crime earlier that

day, nor did they take the time to ask the Plaintiff his name to confirm whether it matched the ownership information of the vehicle based upon the license plate – all information that was either visible or readily available and easy to obtain without the need to arrest the Plaintiff and place him handcuffs.

### III – 15.

No criminal charges were ever made or filed against the Plaintiff in connection with or in support of the unlawful arrest, search, seizure, false imprisonment, and detention nor the excessive force used by the arresting Defendants to which the Plaintiff was subjected.

### III – 16.

At no time relevant hereto was the Plaintiff informed of any charges against him or the reason for his unlawful arrest, search, seizure, false imprisonment, and detention nor the excessive force used by the arresting Defendants to which the Plaintiff was subjected.

### III – 17.

Upon ordering the other Defendant's to take the handcuff's off of the Plaintiff, after coming from her vehicle and realizing that she had made a grave mistake, Constantine turned to the Plaintiff and informed him that it was the policy of her employer and the name on her badge, the Alexandria Police Department and/or the City of Alexandria, that she do what she did under the circumstances.

### III – 18.

Finally, any misinformation provided to any of the Defendants that led to this unlawful arrest was due to their own failures, including the malfeasance of any of the other employees of the Alexandria Police Department or the Rapides Parish Sheriff's Office in assisting in the violation of the Constitutionally protected rights of Mr. Huddleston.

## IV.   LIABILITY OF THE DEFENDANTS UNDER FEDERAL LAW

### IV – 1.

The conduct of Defendants, and to each of them, deprived the Plaintiff of the following rights, privileges, and immunities secured to the Plaintiff by the Constitution of the United States of America, as authorized by 42 U.S.C.A. §1983:

A.   Plaintiff's right to be secure in his person and property against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (U.S. Const. Amends. IV, XIV).

      B.     Plaintiff's right to be informed of the nature and cause of the accusation against him secured to Plaintiff under the Sixth and Fourteenth Amendments to the Constitution of the United States (U.S. Const. Amends. VI, XIV).

      C.     Plaintiff's right to not be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States (U.S. Const. Amend. XIV).

### IV – 2.

Each and all of the alleged actions and/or omissions of the individual Defendants were done by them, and each of them, not as individuals, but under the color and authority of the statutes, ordinances, regulations, customs, and usages of the City of Alexandria, Louisiana; the Parish of Rapides, Louisiana; and the laws of the State of Louisiana. The acts, conduct, and behavior of Defendants, and each of them, were performed knowingly and intentionally to deprive the Plaintiff of Plaintiff's rights under the Constitution of the United States, all under the veil of their authority in their positions as police or peace officers for the Alexandria Police Department and the City of Alexandria, or deputy sheriffs of the Rapides Parish Sheriff's Department and the Parish of Rapides.

### IV – 3.

Further, each and all of the alleged acts and/or omissions, conduct, and behavior of Defendants were acting according to a policy or custom of the Alexandria Police Department or the Rapides Parish Sheriff's Department, as confirmed by the Defendant, Cpl. Constantine.

### V.    LIABILITY OF THE DEFEDANTS UNDER LOUISIANA LAW

### V – 1.

Cpl. Constantine is responsible for the Plaintiff's damages delineated within this Complaint due to the following non-exclusive acts of fault, negligence and/or gross negligence which contributed to the Plaintiff's damages as follows:

      A.     Use of excessive force;

      B.     Failure to employ safety measures designed to prevent the use of excessive force;

      C.     Failure to act as a reasonable or prudent police or peace officer would have acted under similar circumstances;

      D.     False arrest;

      E.     False Imprisonment;

      F.      Assault;

      G.      Battery;

      H.      Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;

      I.      Previously recounted deprivation of rights, privileges, and immunities pursuant to 42 U.S.C. §1983, *et seq.*; and

      J.      Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

### V – 2.

In the alternative, and in addition to the aforesaid, the actions of Cpl. Constantine were so outside of the scope of what is expected from an employee of the Alexandria Police Department that she may be individually liable for those acts of fault, negligence and/or gross negligence enumerated above.

### V – 3.

Sgt. Matt Cloud is responsible for the Plaintiff's damages delineated within this Complaint due to the following non-exclusive acts of fault, negligence and/or gross negligence which contributed to the Plaintiff's damages as follows:

      A.      Use of excessive force;

      B.      Failure to employ safety measures designed to prevent the use of excessive force;

      C.      Failure to act as a reasonable or prudent police or peace officer would have acted under similar circumstances;

      D.      False arrest;

      E.      False Imprisonment;

      F.      Assault;

      G.      Battery;

      H.      Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;

      I.      Previously recounted deprivation of rights, privileges, and immunities pursuant to 42 U.S.C. §1983, *et seq.*; and

      J.      Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

### V – 4.

In the alternative, and in addition to the aforesaid, the actions of Sgt. Matt Cloud were so outside of the scope of what is expected from an employee of the Rapides Parish Sheriff's

Department that he may be individually liable for those acts of fault, negligence and/or gross negligence enumerated above.

**V – 5.**

Sgt. Fuller is responsible for the Plaintiff's damages delineated within this Complaint due to the following non-exclusive acts of fault, negligence and/or gross negligence which contributed to the Plaintiff's damages as follows:

- A. Use of excessive force;
- B. Failure to employ safety measures designed to prevent the use of excessive force;
- C. Failure to act as a reasonable or prudent police or peace officer would have acted under similar circumstances;
- D. False arrest;
- E. False Imprisonment;
- F. Assault;
- G. Battery;
- H. Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;
- I. Previously recounted deprivation of rights, privileges, and immunities pursuant to 42 U.S.C. §1983, *et seq.*; and
- J. Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

**V – 6.**

In the alternative, and in addition to the aforesaid, the actions of Sgt. Fuller were so outside of the scope of what is expected from an employee of the Rapides Parish Sheriff's Department that he may be individually liable for those acts of fault, negligence and/or gross negligence enumerated above.

**V – 7.**

Major Baden is responsible for the Plaintiff's damages delineated within this Complaint due to the following non-exclusive acts of fault, negligence and/or gross negligence which contributed to the Plaintiff's damages as follows:

- A. Use of excessive force;
- B. Failure to employ safety measures designed to prevent the use of excessive force;
- C. Failure to act as a reasonable or prudent police or peace officer would have acted under similar circumstances;

  D.  False arrest;

  E.  False Imprisonment;

  F.  Assault;

  G.  Battery;

  H.  Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;

  I.  Previously recounted deprivation of rights, privileges, and immunities pursuant to 42 U.S.C. §1983, *et seq*.; and

  J.  Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

In the alternative, and in addition to the aforesaid, the actions of Major Baden were so outside of the scope of what is expected from an employee of the Rapides Parish Sheriff's Department that he may be individually liable for those acts of fault, negligence and/or gross negligence enumerated above.

### V – 8.

Plaintiff alleges, upon information and belief, that the Alexandria Police Department, through Police Chief Ronney L. Howard, is vicariously liable for all acts and/or omissions of the parties enumerated above, pursuant to doctrine of *respondeat superior,* in the following non-exclusive list of particulars, **and** for the additional following non-exclusive acts, and/or omissions:

  A.  Failure to ensure that citizens of Alexandria were maintained in a safe environment;

  B.  Failure to ascertain that the personnel of the Alexandria Police Department were adequately screened and trained for their responsibilities as law enforcement officers of the City of Alexandria;

  C.  Failure to properly train and supervise its employees in the Constitutionally protected rights of the citizens of Alexandria and/or the laws of the State of Louisiana regarding probable cause, unreasonable search and seizure, false arrest, false imprisonment, unlawful detention, the use of excessive force leading to assault and/or battery, among other things;

  D.  Negligent infliction of emotional distress;

  E.  Negligent hiring and maintaining of personnel;

  F.  Failure to seek the necessary medical consultation on Mr. Huddleston and his condition;

    G.    Use of excessive force;

    H.    Failure to employ safety measures designed to prevent the use of excessive force;

    I.    Failure to act as a reasonable or prudent officer would have acted under similar circumstances;

    J.    False arrest;

    K.    False Imprisonment;

    L.    Assault;

    M.    Battery;

    N.    Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;

    O.    Deprivation of rights, privileges and immunities pursuant to 42 U.S.C. §1983, *et seq.*;

    P.    Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

**V – 9.**

Plaintiff alleges, upon information and belief, that the City of Alexandria, through Mayor Jeffrey W. Hall, is vicariously liable for all acts and/or omissions of the parties enumerated above, pursuant to doctrine of *respondeat superior,* in the following non-exclusive list of particulars, ***and*** for the additional following non-exclusive acts, and/or omissions:

    A.    Failure to ensure that citizens of Alexandria were maintained in a safe environment;

    B.    Failure to ascertain that the personnel of the Alexandria Police Department were adequately screened and trained for their responsibilities as law enforcement officers of the City of Alexandria;

    C.    Failure to properly train and supervise its employees in the Constitutionally protected rights of the citizens of Alexandria and/or the laws of the State of Louisiana regarding probable cause, unreasonable search and seizure, false arrest, false imprisonment, unlawful detention, the use of excessive force

    leading to assault and/or battery, among other things;

 D. Negligent infliction of emotional distress;

 E. Negligent hiring and maintaining of personnel;

 F. Failure to seek the necessary medical consultation on Mr. Huddleston and his condition;

 G. Use of excessive force;

 H. Failure to employ safety measures designed to prevent the use of excessive force;

 I. Failure to act as a reasonable or prudent officer would have acted under similar circumstances;

 J. False arrest;

 K. False Imprisonment;

 L. Assault;

 M. Battery;

 N. Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;

 O. Deprivation of rights, privileges and immunities pursuant to 42 U.S.C. §1983, *et seq.*;

 P. Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

## V – 10.

Plaintiff alleges, upon information and belief, that the Rapides Parish Sheriff's Department, through Sheriff Mark Wood, is vicariously liable for all acts and/or omissions of the parties enumerated above, pursuant to doctrine of *respondeat superior,* in the following non-exclusive list of particulars, ***and*** for the additional following non-exclusive acts, and/or omissions:

 A. Failure to ensure that citizens of Alexandria and Rapides Parish were maintained in a safe environment;

- B. Failure to ascertain that the personnel of the Rapides Parish Sheriff's Department were adequately screened and trained for their responsibilities as law enforcement officers of Rapides Parish;

- C. Failure to properly train and supervise its employees in the Constitutionally protected rights of the citizens of Alexandria and/or the laws of the State of Louisiana regarding probable cause, unreasonable search and seizure, false arrest, false imprisonment, unlawful detention, the use of excessive force leading to assault and/or battery, among other things;

- D. Negligent infliction of emotional distress;

- E. Negligent hiring and maintaining of personnel;

- F. Failure to seek the necessary medical consultation on Mr. Huddleston and his condition;

- G. Use of excessive force;

- H. Failure to employ safety measures designed to prevent the use of excessive force;

- I. Failure to act as a reasonable or prudent officer would have acted under similar circumstances;

- J. False arrest;

- K. False Imprisonment;

- L. Assault;

- M. Battery;

- N. Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;

- O. Deprivation of rights, privileges and immunities pursuant to 42 U.S.C. §1983, *et seq.*;

- P. Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

**V – 11.**

Plaintiff alleges, upon information and belief, that the Rapides Parish Police Jury is

vicariously liable for all acts and/or omissions of the parties enumerated above, pursuant to doctrine of *respondeat superior,* in the following non-exclusive list of particulars, **and** for the additional following non-exclusive acts, and/or omissions:

A. Failure to ensure that citizens of Alexandria and Rapides Parish were maintained in a safe environment;

B. Failure to ascertain that the personnel of the Rapides Parish Sheriff's Department were adequately screened and trained for their responsibilities as law enforcement officers of Rapides Parish;

C. Failure to properly train and supervise its employees in the Constitutionally protected rights of the citizens of Alexandria and/or the laws of the State of Louisiana regarding probable cause, unreasonable search and seizure, false arrest, false imprisonment, unlawful detention, the use of excessive force leading to assault and/or battery, among other things;

D. Negligent infliction of emotional distress;

E. Negligent hiring and maintaining of personnel;

F. Failure to seek the necessary medical consultation on Mr. Huddleston and his condition;

G. Use of excessive force;

H. Failure to employ safety measures designed to prevent the use of excessive force;

I. Failure to act as a reasonable or prudent officer would have acted under similar circumstances;

J. False arrest;

K. False Imprisonment;

L. Assault;

M. Battery;

N. Intentional infliction of emotional distress, embarrassment, humiliation and mental anguish;

O. Deprivation of rights, privileges and immunities pursuant to 42 U.S.C.

§1983, *et seq.*;

P. Other intentional acts and/or acts of negligence, fault and/or omissions which may be proven at trial.

## VI. PLAINTIFF'S DAMAGES ITEMIZED

By reason of the unlawful arrest, search, seizure, false imprisonment, detention, and use of excessive force by the arresting Defendants, or the collectively illegal misconduct of the Defendants in arresting, searching, seizing, falsely imprisoning, detaining, assaulting, and battering the Plaintiff, Mr. Huddleston sustained a torn rotator cuff and broken bones in his shoulder, which include the following non-exclusive elements of damage:

A. Physical pain and suffering (past, present and future);

B. Mental anguish and anxiety (past, present and future);

C. Emotional distress, trauma, anxiety and humiliation;

D. Severe and traumatic stress;

E. Loss of enjoyment of life;

F. Residual disability (mental and physical);

G. Medical expenses (past, present and future);

H. The previously detailed deprivation of rights, privileges, and immunities pursuant to U.S.C. §1983; and

I. Other damages to be demonstrated at the trial of this matter.

Plaintiff hereby reserves the right to amend and/or supplement this Complaint as other defendants may be made known to the Plaintiff, or if other causes of action may arise as to the defendants herein, or if there are any other claims that may arise out of the circumstances giving rise to the cause of action herein.

**WHEREFORE**, Plaintiff requests judgment against defendants, jointly and severally, as follows:

A. Compensatory damages and punitive damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C.A. § 1988(b).

B. Interest on such damages awarded at the legal rate from the date of judicial demand until paid.

C. A jury trial on all appropriate issues.

D. An award of costs and expenses against the Defendants, and

E. Such other and further relief as the court deems just and proper.

Respectfully submitted:

**CLARY | SUBA | NEALE**


*/s/ Christopher S. Suba*
James R. Clary, Jr. (LBN 1767)
Christopher S. Suba   (LBN 28832)
Casey D. Neale (LBN 35263)
Briton J. Myer (LBN 37814)
406 North Fourth Street
Baton Rouge, Louisiana 70802
Telephone: 225-926-6788
Facsimile: 225-926-8345
*Attorneys for Plaintiff, William C. Huddleston*